UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|        Plaintiff | ) | |
| | ) | |
|     v. | ) | No. 2:04 CV 522 |
| | ) | (No. 2:01 CR 115) |
| RUFINO FALCON | ) | |
|        Defendant | | |

**O P I N I O N**

Defendant Rufino[1] Falcon moves to vacate his conviction pursuant to 28 U.S.C. § 2255.  A § 2255 motion allows a person in federal custody to attack his conviction and/or sentence collaterally on constitutional grounds, because the court that imposed it was without jurisdiction, because the sentence exceeds the maximum authorized by law, or because it is otherwise illegal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.[2]

Following a jury trial, Falcon was convicted of conspiring to possess with intent to distribute 500 grams of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1); and acquitted of one charge of obstruction of justice, alleging that he had attempted to bribe a witness against

---

[1] The indictment in case 2:01 CR 115 spelled defendant's first name as "Rutino." He filed his § 2255 motion as "Rufino" and it appears that this is his correct name.

[2] The government filed a response to Falcon's motion without being ordered to do so by the court.

him. *United States v. Falcon*, 347 F.3d 1000, 1002 (7th Cir. 2003). On October 24, 2002, the court sentenced Falcon to terms of 151 months of imprisonment on each of the two counts of conviction, the sentences to run concurrently.³ *Id.* at 1003. Falcon's convictions and resulting sentence were affirmed on direct appeal. *Id* at 1006.

In his present § 2255 motion Falcon does not attack his convictions, but instead argues that he should be re-sentenced because his 151-month sentence resulted from ineffective assistance of counsel. Specifically, Falcon argues that his counsel failed to seek a sentence reduction pursuant to § 3E1.1 of the United States Sentencing Guidelines for acceptance of responsibility, and failed to object to the court making factual findings regarding drug quantity, and Falcon's role in the offense, that increased the length of his sentence; in other words, his attorney failed to anticipate *Blakely v. Washington,* —U.S.—, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and *United States v. Booker,* — U.S. —, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).⁴

---

³ Falcon also was given an eight-month concurrent sentence on a separately-indicted charge of illegal re-entry, in case 2:02 CR 38. Falcon makes no challenge to that conviction and sentence in his § 2255 motion.

⁴ Falcon also makes three one-sentence arguments, the latter two of which are inseparably related: that his attorney failed to request discovery relating to his involvement in the crime; failed to "challenge the scheduling of the controlled substance involved which would have proven that additional schedules of methamphetamine exist;" and failed to obtain the services of an expert who would have proved that the substance involved was a schedule III controlled substance. Because Falcon has not developed these arguments any further or pointed the court to any facts indicating that any such efforts by his attorney would have been at all fruitful, he has failed to show how any prejudice may have resulted as is necessary to show ineffective assistance. The court will not consider these arguments further.

2

To establish his claim, Falcon must satisfy a two-prong test. First, he must show that his attorney's performance was deficient, meaning that the errors the attorney made were so serious that Falcon was deprived of "counsel" within the meaning of the Sixth Amendment. Second, Falcon must show that the deficient performance caused him prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  To establish prejudice, Falcon must show a reasonable probability that, were it not for his attorney's mistakes, the proceeding would have had a different outcome. *See id.* at 694, 104 S. Ct. 2052. This is a difficult test to meet, because the court must indulge a strong presumption that the attorney rendered adequate assistance and made significant decisions in the exercise of his or her reasonable professional judgment. *See id.* at 690, 104 S. Ct. 2052. If the court decides that Falcon has made an insufficient showing on either prong of the test, his claim should be denied. *See id.* at 697, 104 S. Ct. 2069.

Falcon's claim that his attorney was ineffective for failing to seek a sentence reduction for acceptance of responsibility is frivolous. Falcon seizes on a portion of Application Note 2 to Guidelines § 3E1.1: "Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." Falcon points out that at his sentencing he stated to the court, "I am apologizing to you for the crime that I have committed," and states that he did not proceed to trial "simply to test the evidence" as shown by the fact that "controlled substances were confiscated at the crime scene."

3

Application Note 2 to § 3E1.1 in its entirety reads:

> *This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.* Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

(Emphasis added.) In this case Falcon did put the government to its burden of proof at trial, contesting essential factual elements of the charge such as whether he had the intent to distribute the controlled substance involved. His expression of remorse at sentencing makes this the typical case to which the adjustment does not apply, not the rare case where acceptance of responsibility is demonstrated while at the same time legal issues are tested by a trial. Clearly, Falcon's attorney was not performing inadequately by failing to raise such a meritless issue, and Falcon suffered no prejudice because he would not have received the adjustment under the circumstances.

Falcon's second ineffective-assistance ground is that his attorney failed to object to the court making factual findings at his sentencing, resulting in a longer sentence, depriving him of his right to a jury finding on those issues. In other words, Falcon is arguing that his attorney should have anticipated the Supreme Court's holdings in *Blakely*

and *Booker* and made similar arguments.[5] The Court of Appeals has already described this ineffective-assistance argument as "untenable." *Fuller v. United States*, 398 F.3d 644, 651 (7th Cir. 2005) (citing *United States v. Smith,* 241 F.3d 546, 548 (7th Cir. 2001) (trial counsel not ineffective for failing to anticipate *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L. Ed. 2d 435 (2000))).

For the reasons above, Falcon's § 2255 motion (docket entry # 164) alleges no colorable claim of ineffective assistance of counsel requiring a hearing to explore the matter further. His § 2255 motion is therefore **DENIED**, and the clerk is directed to enter a final judgment stating that the corresponding civil cause is **DISMISSED WITH PREJUDICE**, except that this dismissal is without prejudice to Falcon's right to seek permission to file a second § 2255 motion in the event that the Supreme Court at some future time does declare that the holding of *Booker/Blakely* is retroactively available in § 2255 proceedings. The clerk is directed to notify Falcon of this decision by sending him a copy of this opinion and of the judgment.

**SO ORDERED.**

ENTER: May 13, 2005

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT

---

[5] Falcon argues that because he is raising this issue as an ineffective-assistance ground, retroactivity is not an issue. Nevertheless, in the event the court might disagree, he argues that *Blakely* and *Booker* are applicable retroactively in § 2255 proceedings. They are not. *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005).